IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MITCH NOCULA, an individual, and TOOLING SYSTEMS INT'L. CORP., an Illinois corporation, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>UGS CORP., a Delaware corporation, and UGS Sp. z.o.o., a corporate body in the Republic of Poland, )<br>)<br>)<br>Defendants. ) | No.  05 C 5275<br>Judge Robert W. Gettleman |

## **ORDER**

Plaintiffs Mitch Nocula and Tooling Systems Int'l. Corp. ("TSI") have brought a first amended complaint against defendants UGS Corp. and its Polish subsidiary UGS Sp. z.o.o. ("UGS Poland"), alleging various "claims" for damages resulting from UGS Poland's attempts to protect its international property rights by instituting criminal and civil charges against P.Z. Alucon Sp. z.o.o. ("Alucon"), a Polish corporation owned by Nocula. Both defendants have moved to dismiss, arguing that the act of state doctrine bars plaintiffs' actions. UGS Poland has also moved to dismiss for lack of personal jurisdiction. Because the act of state doctrine bars this action, defendants' motions to dismiss are granted.

## **FACTS**

Nocula is a Polish born American citizen living in Illinois and is the sole owner of both TSI (an Illinois corporation) and Alucon. TSI solicits orders for custom manufactured tooling and dies and then arranges for the orders to be filled through subcontractors, primarily Alucon.

UGS sells computer-aided design ("CAD") software for manufacture of machining tools and dies. UGS Poland sublicenses UGS's CAD software and enforces UGS's intellectual property rights in Poland.

According to the complaint, in 1996 Charles Hahs, CEO and owner of Electrode Machining Services, Inc. ("Electrode"), obtained a United States license (the "U.S. license") to own and use certain UGS CAD software, and to take it to Poland to use in furtherance of a joint project with Nocula and TSI called the "Virtual Shop". Nocula and Hahs had worked together from 1992 to September of 2000 to create virtual shop. Their idea was to use CAD software in the manufacture of tools and dies. Hahs "gave" the UGS CAD software to Alucon in Poland to use to fulfill orders from TSI. According to the complaint, Alucon had "idiosyncratic UGS CAD engineering data worth at least $300,000 stored on Alucon's computers in Poland."

In September 2000, UGS Poland filed a criminal complaint against Alucon and Hahs for illegally using UGS's software in Poland. As a result, the Polish police seized all of Alucon's computers and "effectively closed down all of Alucon's operations." Alucon's president and Hahs were also arrested. Because of the seizure of the computers and data, Alucon defaulted on purchase orders from TSI, causing TSI to default on orders with its customers.

To regain Alucon's computers, Nocula negotiated a deal with UGS. UGS agreed to do whatever it could to terminate the criminal proceedings against Alucon and its personnel, on the condition that Electrode's U.S. license would be transferred to Alucon. The license was transferred, obligating Alucon to buy from UGS Poland the necessary UGS CAD software and periodic maintenance updates. Despite this, UGS and UGS Poland continued to demand prosecution of Alucon and its personnel.

UGS Poland billed Alucon for what plaintiffs describe as various unearned charges for goods and services, including periodic maintenance update charges, and refused to provide the proper current UGS CAD software and maintenance updates. Alucon refused to pay for the goods and services and claims they were not delivered. UGS Poland sued Alucon civilly in Poland, obtained a judgment and seized Alucon's bank accounts. Plaintiff claims that these actions somehow prevented TSI from using the UGS CAD software and interfered with TSI's performance of its contracts with its customers. In 2005, Alucon and its personnel were found not guilty in the Polish criminal proceeding. The Polish authorities, however, have been unable to locate and return the seized computers.

## DISCUSSION

Although difficult to discern from the complaint, which violates Fed. R. Civ P. Rule 10(b) by failing to separate into counts each separate claim, plaintiffs appear to be alleging that defendants intended to injure them by proceeding both criminally and civilly against Alucon in Poland. The complaint appears to allege claims based on malicious prosecution and/or interference with contract. Defendants argue that any claim based on any legal theory is barred by the act of state doctrine.

The United States Supreme Court created the act of state doctrine in 1897 by holding that "[e]very sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of government of another done within its own territory." Underhill v. Hernandez, 168 U.S. 250, 252 (1897). The doctrine presumes that the official public acts of a foreign country are valid. F. & H. R. Farman-Farmation Consulting Engineers Firm v. Harza Eng'g Co., 882 F.2d 281, 283 (7th Cir. 1989).

Therefore, the doctrine "generally forbids an American court to question the act of a foreign sovereign that is lawful under that sovereign's laws." Id. A private party is protected by the act of state doctrine where that party's liability is predicated on the action taken by a foreign government. See Id. at 286-87.

The instant case, plaintiffs' claims are necessarily barred if they would require this court to ignore or overturn the action of the Polish court. Obviously then, any claim based on UGS Poland's filing, prosecuting, receiving and executing on the civil judgment in Poland is barred by the act of state doctrine. The civil case was decided in UGS Poland's favor, and any claim by plaintiff based on UGS Poland's prosecution of the civil action would require this court to reverse the Polish court's decision. That, this court cannot do.

The issue is more difficult with respect to the Polish criminal proceedings against Alucon. Because that proceeding was decided in Alucon's favor, it arguably could, under Illinois law, bring a claim against UGS Poland for malicious prosecution. Such claims, however, are personal in nature, and the cause of action does not arise unless a proceeding has been brought against the plaintif. Mere adversity of interest is not sufficient. See Rosen v. American Bank of Rolla, 627 A.2d. 190, 193 (P.A. 1993)(analyzing Restatement 2d Torts); Gosling v. Ace Hardware Corp., 616 F. Supp. 1195, 1197 (N.D. Ill. 1985). Therefore, even without the act of state problems, TSI, which is a separate corporation wholly unrelated to Alucon, can state no claim based on the criminal proceeding against Alucon.

There is precedent in Illinois, however, to suggest that Nocula, as sole shareholder of Alucon, could maintain a malicious prosecution claim under an alter-ego theory. See Caspers v. Chicago Real Estate Board, 58 Ill. App.2d 113, 117 (1st Dist. 1965). Thus, if Nocula has alleged

4

that there was no probable cause for the Polish government to initiate the criminal proceedings (which is not done by simply alleging a finding in Alucon's favor) he could perhaps state a claim. He does allege that the criminal proceeding was "malicious and totally unjustified," which may be sufficient. As near as the court can tell from the complaint, however, Nocula's injuries are all alleged to stem from the Polish police seizure of what he "sometimes"[1] claims to be his personal property, the computers that Alucon was using in its business. Thus, to win on any legal theory he will have to establish that the seizure of those computers was improper under Polish law. Any such holding by this court, however, would fly squarely into the act of state doctrine.

Moreover, Nocula appears to be asking the court to determine that the seizure of the computers was improper because they were his personal property, not Alucon's. Again, this court cannot make that determination because it is an issue he should have litigated in Poland. Any attempt to litigate that issue here would be essentially telling the Polish court that it erred in ordering the seizure of the computers. The same is true for any attempt to litigate a claim for interference with contract. The interference would have to be unjustified, which would require a finding by this court that the seizure of the computers by the Polish government was improper. Accordingly, because the claims are all barred by the act of state doctrine, defendants' motions to dismiss are granted.

**ENTER:** August 4, 2006

                                                             **Robert W. Gettleman**

---

[1] The complaint at various times describes the computers as "Alucon's" and at other times as Nocula's personally.

              **United States District Judge**